1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12  OM FINANCIAL LIFE INSURANCE
    COMPANY,                              NO. CIV. 2:09-1989 WBS EFB
13
               Plaintiff,
14                                        MEMORANDUM AND ORDER RE:
        v.                                MOTION FOR ORDER OF DISCHARGE
15                                        AND AWARD OF COSTS AND
    MICHAEL W. HELTON, an                 ATTORNEYS' FEES
16  individual, CASEY OZUNA, an
    individual, DEANNA OZUNA, an
17  individual, CHRISTINA OZUNA,
    an individual, and DOES 1-10,
18
               Defendants.
19  _____/

20                            ----oo0oo----

21          This is an interpleader action involving a dispute over

22  $150,000.00 in death benefits from a life insurance policy

23  ("Policy") administered by plaintiff OM Financial Life Insurance

24  Company.  Plaintiff filed this action in response to actual or

25  potential competing claims to entitlement from defendants.

26  Plaintiff now moves (1) to discharge plaintiff from further

27  liability under the Policy to defendants and to dismiss plaintiff

28  from this action with prejudice; (2) to permanently enjoin

                                    1

1  defendants from instituting or prosecuting any proceeding against

2  plaintiff in state or federal court relating to the Policy

3  benefits or Policy; (3) to award plaintiff attorneys' fees and

4  costs from the Policy benefits deposited with the court; and (4)

5  for defendants to bear their own attorneys' fees and costs.

6  I.   Factual and Procedural Background

7          In December of 2003, plaintiff's predecessor[1] issued

8  life insurance policy number L0038577 to Catherine M. Helton

9  ("insured" or "decedent").  (Compl. ¶ 12, Ex. A, at 3.)

10  Defendant Michael W. Helton ("Helton"), who was allegedly the

11  insured's husband at the time, was named as the primary

12  beneficiary of the Policy.  (Id. ¶¶ 13, 16, Ex. B.)  On or about

13  December 4, 2008, plaintiff received a Request for Service, dated

14  December 3, 2008, from the insured to change her primary

15  beneficiaries to defendants Casey Ozuna, Deanna Ozuna, and

16  Christina Ozuna ("Ozuna children"), who are allegedly the

17  insured's children.  (Id. ¶ 14.)

18          On or about January 2, 2009, plaintiff received a

19  letter from Helton indicating the insured had died on December

20  10, 2008, and providing a copy of the Death Certificate.  (Id. ¶

21  14.)  Helton informed plaintiff that he believed Tony Ozuna, the

22  insured's former husband, had caused the Death Certificate to

23  falsely indicate that the decedent was divorced.  (Id. ¶ 16.)

24  According to Helton, the divorce proceedings were still pending

25  at the time of death.  (Id. ¶ 16.)  Helton's counsel informed

26

27        [1]   Prior to January 1, 2007, OM Financial Life Insurance
Company was known as Fidelity and Guaranty Life Insurance
28  Company.  (Compl. ¶ 1.)

1  plaintiff that the insured had filed for divorce on November 8,

2  2008, and under California law she was prohibited from changing

3  her beneficiary designation at that time.  (Id. ¶ 17.)  Helton's

4  counsel claimed entitlement to the benefits of the Policy for

5  Helton and requested that plaintiff refrain from making any

6  payment.  (Id. ¶ 17.)  Plaintiff's counsel has also spoken with

7  the Ozuna children on "numerous occasions" and they confirmed

8  that they claim entitlement to the benefits under the Policy.

9  (Jain Decl. (Docket No. 17) ¶ 5.)

10          Plaintiff claims no interest in the Policy benefits and

11  is willing to pay the Policy benefits to the person or persons

12  legally entitled to them; plaintiff has not paid the Policy

13  benefits because of the risks in determining itself which actual

14  or potential competing claims are valid.  (Compl. ¶ 21.)

15  Plaintiff alleges that no out-of-court resolution of the

16  competing claims is possible and no independent agreement has

17  been reached by defendants.  (Id. ¶¶ 18-19.)

18          To avoid multiple liability or multiple litigation,

19  plaintiff filed its Complaint for Interpleader and Declaratory

20  Relief on July 17, 2009, and deposited the $150,000.00 in Policy

21  benefits, totaling $152,833.76 with accrued interest, with the

22  court.  (Id. ¶ 23; Pl.'s Mem. (Docket No. 17) 4:23-24.)

23  II.  Discussion

24          An interpleader action allows the stakeholder of money

25  to sue various claimants to force them to litigate who is

26  entitled to the money.  Cripps v. Life Ins. Co. of N. Am., 980

27  F.2d 1261, 1265 (9th Cir. 1992).  Interpleader's primary purpose

28  is to protect the stakeholder from multiple liability and the

1  expense of multiple litigation, not to compensate the

2  stakeholder.   See Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030,

3  1034 (9th Cir. 2000) (explaining that interpleader is governed by

4  equitable principles).

5        Procedurally, an interpleader action consists of two

6  stages: First, the court determines whether the requirements for

7  "rule interpleader" under Federal Rule of Civil Procedure 22 or

8  "statutory interpleader" under the Federal Interpleader Act, 28

9  U.S.C. §§ 1335, 1397, 2361, have been met.   Second, the court

10 determines the respective rights of the adverse claimants.   See

11 Mack v. Kuckenmeister, Nos. 09-15290, 09-15291, 2010 WL 2853881,

12 at *9 (9th Cir. July 22, 2010) (citing Rhoades v. Casey, 196 F.3d

13 592 (5th Cir. 1999)).

14       Rule interpleader provides that "[p]ersons with claims

15 that may expose a plaintiff to double or multiple liability may

16 be joined as defendants and required to interplead."   Fed. R.

17 Civ. P. 22(a)(1).   The court's subject matter jurisdiction over a

18 rule interpleader action must be based on the general statutes

19 governing jurisdiction.   Bayona, 223 F.3d at 1033.

20       District courts also have jurisdiction to hear

21 statutory interpleader actions in which (1) the value of the

22 stake is $500.00 or more, (2) at least two adverse claimants of

23 diverse citizenship are claiming or may claim to be entitled to

24 the stake, and (3) the stakeholder has deposited the stake with

25 the court.   28 U.S.C. § 1335(a).

26       Here, the court has diversity jurisdiction pursuant to

27

28

4

1   § 1332.[2]  The Complaint alleges that plaintiff is a citizen of

2   Maryland, incorporated and with its principal place of business

3   in Maryland; Helton is a citizen of California; Deanna Ozuna is a

4   citizen of California; Christina Ozuna is a citizen of

5   California; and Casey Ozuna is a citizen of Alaska.  (Compl. ¶¶

6   1-5.)  This action meets the jurisdictional amount in controversy

7   of greater than $75,000.00 under § 1332 because the Policy

8   benefits are $150,000.00, plus accrued interest.  (Id. ¶ 8, Ex.

9   A, at 3, Ex. B.)

10           Specific jurisdiction under § 1335 also exists.  First,

11  the amount in controversy far exceeds $500.00.  Second, minimal

12  diversity between adverse claimants is satisfied because Casey

13  Ozuna is a citizen of Alaska and Helton is a citizen of

14  California, and they are adverse claimants.  (Id. ¶ 17; Jain

15  Decl. ¶ 5.).  Third, plaintiff has deposited the Policy benefits,

16  plus accrued interest, with the court.  (Compl. ¶ 23; Pl.'s Mem.

17  4:23-24.)

18           Plaintiff is subject to actual or potential adverse

19  claims to the decedent's Policy benefits from Helton and the

20  Ozuna children.  Accordingly, the court finds that interpleader

21  is proper.

22           Once it is determined that interpleader is proper,

23  federal courts may discharge the stakeholder from further

24  liability.  28 U.S.C. § 2361; Wells Fargo Bank v. PACCAR Fin.

25  Corp., No. 1:08-CV-00904 AWI SMS, 2009 WL 211386, at *6-8 (E.D.

26  _____

27        [2]   Plaintiff's Complaint fashions the action as rule
    interpleader and invokes the court's diversity jurisdiction under
    § 1332.  However, plaintiff's Motion for Order of Discharge
28  fashions the action as either rule or statutory interpleader.

1 Cal. Jan. 27, 2009) (explaining that in a rule interpleader

2 action, "[i]f an interpleading plaintiff has no interest in the

3 stake, the plaintiff should be dismissed").

4        A court should readily discharge a disinterested

5 stakeholder from further liability absent a stakeholder's bad

6 faith in commencing an interpleader action, potential independent

7 liability to a claimant, or failure to satisfy requirements of

8 rule or statutory interpleader.  See generally 4 James Wm. Moore

9 et al., Moore's Federal Practice § 22.03[2][a] (3d ed. 2010); see

10 also Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 264 (3d

11 Cir. 2009) ("The modern approach . . . is that, where a claimant

12 brings an independent counterclaim against the stakeholder, the

13 stakeholder is kept in the litigation to defend against the

14 counterclaim, rather than being dismissed after depositing the

15 disputed funds with the court."); Mendez v. Teachers Ins. &

16 Annuity Ass'n, 982 F.2d 783, 787 (2d Cir. 1992) (holding that

17 discharge under § 2361 requires § 1335 to be met and lack of bad

18 faith in commencing the interpleader action).

19        Plaintiff has deposited the Policy benefits, plus

20 accrued interest, with the court and does not claim any interest

21 in the Policy benefits.  (Compl. ¶ 21-22; Pl.'s Mem. 5:8.)  The

22 court can find no factor weighing against immediate discharge.

23 Accordingly, the court will grant plaintiff's motion to discharge

24 plaintiff from further liability under the Policy to defendants

25 and to dismiss plaintiff from this action with prejudice.

26        Although Helton and the Ozuna children have all either

27 waived service or been served (Docket Nos. 7-8, 11, 14), none of

28 defendants have filed an answer or a statement of opposition or

1  non-opposition to plaintiff's instant motion.  At the hearing on

2  the motions, counsel for Helton stated that he had no oppostion

3  to plaintiff's requests for a permanent injunction or for

4  attorneys' fees.  Nevertheless, to be prudent, the court will

5  defer ruling on those requests until after the remaining

6  defendants have either appeared or their defaults have been

7  taken.

8         IT IS THEREFORE ORDERED that:

9     (1) plaintiff's motion to discharge plaintiff from further

10 liability under the Policy to defendants and to dismiss plaintiff

11 from this action with prejudice be, and the same hereby is,

12 GRANTED; and

13    (2) plaintiff's motions to permanently enjoin defendants, to

14 award plaintiff attorneys' fees and costs, and for defendants to

15 bear their own attorneys' fees and costs will be taken under

16 submission to be ruled upon after all parties have appeared or

17 their defaults have been entered.

18 DATED:   September 27, 2010

19

20 _____
   WILLIAM B. SHUBB

21 UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

7