1  RHODA A. CHANDLER,   SBN: 225234
   SAMUEL C. MULLIN III, SBN: 139193
2  HODSON & MULLIN, Attorneys at Law
   601 Buck Avenue
3  Vacaville, California 95688
   Telephone: (707) 452-9606 Facsimile: (707) 452-9607
4  E-mail: rchandler@hodsonandmullin.com

5  Attorneys for Defendant, MICHAEL W. HELTON

6

7

8                     UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11 OM FINANCIAL LIFE INSURANCE           Case No.: 09-CV-1989
   COMPANY,
12                                        ~~PROPOSED~~
             Plaintiff,                   ORDER RE SETTLEMENT AND
13                                        DISMISSAL OF ACTION
        Vs.                               WITH PREJUDICE
14
   MICHAEL W. HELTON, an individual,
15 CASEY OZUNA, an individual, DEANNA     THE HONORABLE WILLIAM B. SHUBB
   OZUNA, an individual, CHRISTINA
16 OZUNA, an individual, and DOES 1-10.

17           Defendants.

18        COMES NOW, Defendant, MICHAEL W. HELTON, and hereby submits the following

19 Order based on the Settlement Agreement and Mutual Release signed by and agreed to by all

20 Defendants, attached hereto as Exhibit A, and incorporated herein by this reference.

21 1.     On July 17, 2009, Plaintiff, OM FINANCIAL LIFE INSURANCE COMPANY, filed a

22 Complaint for Interpleader and Declaratory relief and deposited $152,833.76 in death benefits and

23 interest with the above-captioned Court.  All four Defendants were served with the last Defendant

24 being served on January 12, 2010.

25 2.     On July 28, 2010, Plaintiff filed a Motion for Order of Discharge and Award of Costs and

26 Attorneys' Fees in the amount of $6,462.12, which was set for hearing on September 27, 2010, at

27 8:30 AM in Courtroom 5, before the Honorable William B. Shubb.

28

Hodson & Mullin
Attorneys at Law
601 Buck Avenue
Vacaville
California 95688
(707) 452-9606

*OM Financial Life Insurance Company V. Michael W. Helton, et al.*
Case 2:09-cv-01989-WBS-EFB   Document 23   Filed 10/11/10   Page 2 of 12
United States District Court-Eastern District Case No. 09-CV-1989

3.    On September 27, 2010, Defendant, Michael Helton, filed his Answer and Pretrial Conference Statement.

4.    On September 27, 2010, Defendant, Michael Helton, and his attorney, RHODA A. CHANDLER, appeared for the hearing set on Plaintiff's motion and upon no objection from Defendant Helton, and no other appearances or objections, the Court Granted, with prejudice, Plaintiff's motion to be discharged from further liability to Defendants under the Policy at issue and to dismiss Plaintiff from this action; The Court took Plaintiff's motions to permanently enjoin Defendants, to award Plaintiff's attorneys' fees and costs in the amount of $6,462.12, and for Defendants to bear their own attorneys' fees and costs, under submission to be ruled upon after all parties appeared or their defaults have been entered.

5.    On October 1, 2010, Defendant DeAnna Ozuna filed an Answer.

6.    On October 4, 2010, a Pretrial Conference was held.  The Court vacated the trial date of 11/30/2010, and reset the trial date for 3/15/2011, at 9:00 AM in Courtroom 5 before Judge William B. Shubb.  Plaintiff, OM Financial was not present as they had been dismissed from the case. Attorney Rhoda A. Chandler appeared for and with Defendant, Michael Helton.  Defendant Casey Ozuna appeared pro se, telephonically but was disconnected,  DeAnna Ozuna personally appeared pro se, Christina Ozuna (pro se) was also present.

7.    The Court issued its Pretrial Order on 10/5/2010.  Trial set for 3/15/2011 at 09:00 AM in Courtroom 5.  The Pretrial Order was served on Defendant DeAnna Ozuna on 10/6/2010.

8.    The four remaining Parties in this matter engaged in settlement negotiations and settled their legal dispute as follows:

9.    The Parties agreed that the proceeds of the life insurance policy at issue in the instant action, policy number L0038577, shall be distributed pursuant to their Settlement Agreement attached hereto.  The PARTIES agreed therein that DEFENDANTS, DEANNA OZUNA, an individual, CHRISTINA OZUNA, an individual, and CASEY OZUNA, an individual, shall each receive ten thousand ($10,000) dollars from the insurance proceeds of the Policy at issue in the above referenced legal action. The PARTIES agreed that the balance of the

Hodson & Mullin
Attorneys at Law
601 Buck Avenue
Vacaville
California 95688
(707) 452-9606

Page 2 of 4

Order re Settlement

*QM Financial Life Insurance Company V. Michael W. Helton, et al.*
United States District Court-Eastern District Case No. 09-CV-1989

Case 2:09-cv-01989-WBS-EFB   Document 29   Filed 01/18/11   Page 3 of 12

Policy proceeds, after payment of Plaintiff's attorneys' fees and costs, shall be paid to HODSON & MULLIN, Attorneys at Law, on behalf of Defendant, MICHAEL W. HELTON. HODSON & MULLIN, Attorneys at Law, shall disburse to DEANNA OZUNA, CHRISTINA OZUNA, and CASEY OZUNA, ten thousand dollars ($10,000) each, by check within fifteen days of receipt of the Policy proceeds from the Court. PARTIES agree that if Plaintiffs' fees and costs in the amount of $6,462.12, are not deducted by the Court prior to release of the funds, Plaintiff's fees and costs shall also be deducted from the Policy proceeds prior to distribution, and paid to Plaintiff by HODSON & MULLIN, Attorneys at Law. The PARTIES agree that each PARTY shall bear the tax consequences of the portion of the insurance proceeds received by that PARTY.

10.     Pursuant to their written Agreement, the PARTIES agreed and requested therein that the instant action be Dismissed.

11.     The PARTIES expressly waived any and all rights and benefits conferred upon them by the provisions of §1542 of the *California Civil Code* or similar provisions of applicable law.

12.     The PARTIES acknowledged and agreed that they were advised of their right to independent counsel prior to signing the Settlement Agreement and of the right to have representation in this matter and regarding the Agreement and that they have either obtained said counsel or agreed to voluntarily waive that right.

13.     The Original Settlement Agreement executed by all Defendants is attached hereto as Exhibit A and each and every term is incorporated by reference into this Order.

///

///

Hodson & Mullin
Attorneys at Law
601 Buck Avenue
Vacaville
California 95688
(707) 452-9606

Page 3 of 4

Order re Settlement

## ORDER

1.     NOW THEREFORE, the Court approves the Agreement between all remaining Parties, attached hereto as Exhibit A, and the Court Orders as Follows:

2.     The proceeds in the amount of $152,833.76 and any additional interest, shall be paid to HODSON & MULLIN, Attorneys at Law, to be held in Trust and paid as follows:

3.     Plaintiff,  OM Financial Life Insurance Company shall be paid $6,462.12.

4.     DEFENDANT, DEANNA OZUNA, an individual, shall be paid $10,000.00.

5.     DEFENDANT, CHRISTINA OZUNA, an individual, shall be paid $10,000.00.

6.     DEFENDANT, CASEY OZUNA, an individual, shall be paid $10,000.00.

7.     The balance and remaining death benefits and interest shall be paid to DEFENDANT, MICHAEL W. HELTON.

8.     Each PARTY shall bear the tax consequences of the portion of the insurance proceeds received by that PARTY.

9.     The instant action is hereby Dismissed with prejudice.


IT IS SO ORDERED.


DATED:  January 18, 2011


WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Hodson & Mullin
Attorneys at Law
601 Buck Avenue
Vacaville
California 95688
(707) 452-9606

Page 4 of 4

Order re Settlement

<u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made and entered into by and between Defendants, MICHAEL W. HELTON, an individual, 3926 Sunset Avenue, Yuba City, California 95993, and whose social security number is ███-█████, DEANNA OZUNA, an individual, whose residence is 1124 Bedford Way, Vacaville, California 95687 and whose social security number is ██████████, CHRISTINA OZUNA, an individual, whose residence is 1501 Alamo Drive, #61, Vacaville, California, and whose social security number is █████████, and CASEY OZUNA, an individual, whose residence is 567 East Mountain Ash Loop, Wasilla, AK 99654, and whose social security number is ██████████. The foregoing parties to this agreement may be collectively referred to herein as the "PARTIES" or "DEFENDANTS."

<u>RECITALS</u>

On July 17, 2009, Plaintiff, OM FINANCIAL LIFE INSURANCE COMPANY commenced an action filed in the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, entitled *OM FINANCIAL LIFE INSURANCE COMPANY vs. MICHAEL W. HELTON, et al.*, Case No. 09-CV-1989, hereinafter "the Action," which involves the rights to the proceeds from a policy issued by Plaintiff to insured CATHERINE M. HELTON, policy number L0038577 ("the Policy").

Plaintiff, OM FINANCIAL LIFE INSURANCE COMPANY'S motion to be discharged from further liability under the Policy and to be dismissed from the action, was granted on September 28, 2010. Plaintiff's Motion to permanently enjoin DEFENDANTS, to award Plaintiff attorneys' fees and costs, and for DEFENDANTS to bear their own attorneys' fees and costs was taken under submission set to be ruled upon after all PARTIES had appeared or their defaults had been taken.

At this time the PARTIES wish to globally resolve and settle definitively all known and unknown disputes, claims and potential or possible future claims between them, to set forth their respective rights and obligations concerning the Policy proceeds, and to settle the issue Plaintiff attorneys' fees and costs, and Defendants own attorneys' fees.

<u>AGREEMENT</u>

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth in this Settlement Agreement and Mutual Release, and for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged under the terms of this Settlement Agreement and Mutual Release, the PARTIES agree as follows:

<u>TERMS</u>

<u>CONSIDERATION</u>.  The PARTIES agree that DEFENDANTS, DEANNA OZUNA, an individual, CHRISTINA OZUNA, an individual, and CASEY OZUNA, an individual, shall each receive ten thousand ($10,000) dollars from the insurance proceeds of the Policy at issue in the above referenced legal action.

The PARTIES agree that the balance of the Policy proceeds, after payment of Plaintiff's attorneys' fees and costs, shall be paid to HODSON & MULLIN, Attorneys at Law, on behalf of Defendant, MICHAEL W. HELTON. HODSON & MULLIN, Attorneys at Law, who shall disburse to DEANNA OZUNA, CHRISTINA OZUNA, and CASEY OZUNA, ten thousand dollars ($10,000) each, by check within fifteen days of receipt of the Policy proceeds from the Court. PARTIES agree that if Plaintiffs' fees and costs are not deducted by the Court prior to release of the funds, Plaintiff's fees and costs shall also be deducted from the Policy proceeds prior to distribution, and paid to Plaintiff by HODSON & MULLIN, Attorneys at Law.

<u>TAX CONSEQUENCES</u>.  The PARTIES agree that each PARTY shall bear the tax consequences of the portion of the insurance proceeds received by that PARTY.

<u>ADDITIONAL TERMS</u>

<u>DISMISSAL OF ACTION</u>. The PARTIES agree that they shall execute any and all documents necessary to Dismiss *OM FINANCIAL LIFE INSURANCE COMPANY vs. MICHAEL W. HELTON, et al.*, United States District Court for the Eastern District of California Case No. 09-CV-1989, and all Parties herein agree and request that said action be Dismissed or vacated.  Further, each PARTY agrees to cooperate and take any other such action as is necessary to ensure the matter is properly dismissed or vacated.

<u>RELEASE OF CLAIMS FOR FEES AND/OR COSTS</u>.  Except as to rights and obligations created or contained in this agreement, each DEFENDANT specifically releases, waives, relinquishes and agrees to hold Plaintiff, OM FINANCIAL LIFE INSURANCE COMPANY and MICHAEL W. HELTON, their respective heirs, employees, agents, principals, attorneys, insurers, and legal successors and assigns of and from any and all claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whatsoever (hereafter referred to as "Claims,") whether now known or unknown, suspected or unsuspected, which it now has, own or holds or at any time heretofore ever had, owned or held in connection with the Policy and/or the Action, and any claim which was made or could have been made in the Action.

<u>COSTS AND ATTORNEYS FEES</u>. The PARTIES agree they shall each bear their own costs and attorneys' fees incurred in connection with the claims settled and released herein,

Settlement Agreement and Mutual Release

the conduct of the Action, and the negotiation and execution of this Agreement. The PARTIES further agree that Plaintiff's Attorneys' fees and costs shall be paid from the Policy proceeds prior to distribution of the proceeds.

WAIVER OF SECTION 1542. To the extent that the foregoing releases are releases to which §1542 of the *California Civil Code* or similar provisions of other applicable law applies, it is the intention of the PARTIES that the foregoing releases shall be effective as a bar to any and all actions, fees, damages, losses, claims, liabilities and demands of whatsoever character, nature and kind, known or unknown, suspected or unsuspected specified herein. In furtherance of this intention, the PARTIES expressly waive any and all rights and benefits conferred upon them by the provisions of §1542 of the *California Civil Code* or similar provisions of applicable law which are as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The PARTIES acknowledge that the foregoing waiver of the provisions of § 1542 of the *California Civil Code* was bargained for separately. Thus, notwithstanding the provisions of § 1542, and for the purpose of implementing a full and complete settlement and release the PARTIES hereto, and each of them, expressly acknowledge that this Waiver is intended to include in its effect without limitation all of the claims, causes of action and liabilities which PARTIES, and each of them do not know or suspect to exist in their favor at the time of execution of this Waiver Agreement, and this Waiver Agreement, contemplates extinguishment of all such claims, causes of action and liabilities.

WARRANTY OF RELEASES. Each PARTY represents and warrants that as of the date of execution of this Agreement, he/she has the sole right and authority to execute this Agreement on his/her own behalf.

COMPROMISE AGREEMENT. This Agreement is a result of a compromise of disputed claims. Neither this Agreement nor any action taken in connection with or pursuant to this Agreement constitutes an admission by any party to this Agreement or by any other entity or person that any party to this Agreement has any liability to any other party hereto or that any conduct was unlawful or in violation of any contract, agreement, statute, regulation, rule or order or constituted any wrongdoing whatsoever. The PARTIES are entering into this Agreement to settle disputed Claims and to avoid the expense, inconvenience and uncertainties of litigation.

Settlement Agreement and Mutual Release

RIGHT TO INDEPENDENT COUNSEL.  The PARTIES acknowledge and agree that they were advised of their right to independent counsel prior to signing this agreement and of the right to have representation in this matter and regarding this Agreement and that they have either obtained said counsel or herein agree to voluntarily waive that right.

ENTIRE AGREEMENT. This Agreement constitutes the entire agreement between the PARTIES with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by all of the PARTIES to this Agreement.

SEVERABILITY. The provisions of this Agreement are severable. If a court of competent jurisdiction rules that any provision of this Agreement is invalid or unenforceable, the court's ruling will not affect the validity and enforceability of the other provisions of this Agreement.

SUCCESSORS, HEIRS, AND ASSIGNS. This Agreement shall be binding upon and inure to the benefit of the PARTIES to this Agreement and their respective successors, heirs, assigns, employees, agents subsidiaries.

DRAFTING. Each PARTY has participated in the negotiation, drafting, and preparation of this Agreement. Therefore, in any action regarding construction of this Agreement, the Agreement shall not be construed for or against any party by reason of the manner in which the Agreement was drafted and prepared.

HEADINGS.  The headings that are made in this Waiver Agreement are provided for the purpose of convenience only and shall not be construed in interpreting the provisions contained in this Waiver Agreement.

ADDITIONAL DOCUMENTS. The PARTIES agree that upon request they shall timely execute all such further and additional documents as shall be required herein to carry out the terms of this Agreement.

ATTORNEY'S FEES IN ENFORCEMENT ACTION.  In any action or proceeding involving the enforcement of, or defense against, any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to reasonable attorney's fees and all costs and expenses incurred in connection with such action or proceeding.  In addition, the nonprevailing party shall pay all costs and expenses incurred in enforcing such award or judgment, and this obligation shall be severable from the other provisions of this section and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

CALIFORNIA LAW. This Agreement shall be construed and governed in accordance with the laws of the State of California.

COUNTERPARTS. This Agreement may be executed in counterparts by the PARTIES hereto, and the counterparts taken together shall constitute one and the same agreement.  A facsimile signature shall be followed by an original and shall be binding upon the PARTIES.


IN WITNESS WHEREOF, the PARTIES hereto acknowledge that they fully understand this Agreement, that they enter into the Agreement voluntarily and without duress and that they agree to be bound by its terms as of the date set forth below.


Dated: 1/13/11

DEFENDANT, MICHAEL W. HELTON


HODSON & MULLIN,
Attorneys at Law

1-13 2011

RHODA A. CHANDLER,
Attorneys for Defendant, MICHAEL W. HELTON

Settlement Agreement and Mutual Release

Dated: 1/12/11

_____

DEFENDANT, DEANNA OZUNA

State of California   )
County of Solano       )

On Jan. 12    , 2011, before me, Veronica Rojas          , Notary Public, personally appeared DEANNA OZUNA, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

WITNESS my hand and official seal.          (Reserved for Official Notary Seal)

Signature _____

VERONICA ROJAS
Commission # 1913321
Notary Public - California
Solano County
My Comm. Expires Dec 12, 2014

Settlement Agreement and Mutual Release

Dated: 1-12-11

DEFENDANT, CHRISTINA OZUNA

State of California    )
County of Solano         )

    On Jan. 12     , 2011, before me, Veronica Rojas         , Notary Public, personally appeared DEANNA OZUNA, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

WITNESS my hand and official seal.           (Reserved for Official Notary Seal)

Signature _____

VERONICA ROJAS
Commission # 1913321
Notary Public - California
Solano County
My Comm. Expires Dec 12, 2014

Settlement Agreement and Mutual Release

Dated: 1/12/11

DEFENDANT CASEY OZUNA

State of ALASKA )
County of Mat-Su )

    On January 12, 2011, before me, _Casey Ozuna_, Notary Public, personally appeared CASEY OZUNA, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

WITNESS my hand and official seal.          (Reserved for Official Notary Seal)

Signature _____

Official Seal
David Curley
Notary Public-State of Alaska
My Comm. Expires 6/12/2013